IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA CAROL ALT,

       Plaintiff,

v.                                                                Civ. No. 15-340 GBW

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

## ORDER

       This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency's (SSA) decision to deny Plaintiff disability insurance benefits. *Doc. 19*. For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Commissioner for further proceedings consistent with this opinion.

## I.    PROCEDURAL HISTORY

       Plaintiff filed an initial application for disability insurance benefits (DIB) on September 14, 2010. *Doc. 19* at 2. Plaintiff alleged that she had a disability resulting from thoracic spine degenerative discs, chronic pain, chronic fatigue, post-traumatic stress disorder, and depression. Administrative Record ("AR") at 120. Administrative Law Judge (ALJ) Kim D. Parrish held a hearing on August 8, 2012. AR at 47-64. On September 4, 2012, the ALJ denied Plaintiff's claim. AR at 96-98. On November 6, 2013, the SSA Appeals Council remanded the case because the ALJ failed to adequately

explain why she gave no weight to the opinion from treating psychologist Susan B. Cave.  AR at 115-19.

On July 21, 2014, Plaintiff attended a second hearing, held before ALJ Michelle Lindsey.  AR at 65-93.  The ALJ issued an unfavorable decision on November 7, 2014, concluding that Plaintiff could perform other jobs which existed in significant numbers in the national economy and therefore was not disabled.  AR at 13-28.  Plaintiff again appealed the denial of her DIB application to the SSA Appeals Council, which declined review on February 25, 2015.  AR at 1-4.  Plaintiff filed suit in this Court on April 24, 2015, seeking review of the ALJ's decision.  *Doc. 1.*

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency."  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Casias*, 933 F.3d at 800.  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."  *Clifton v.*

*Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  "[I]n addition to discussing the evidence

supporting his decision, the ALJ must also discuss the uncontroverted evidence he

chooses not to rely upon, as well as significantly probative evidence he rejects."  *Id*. at

1010.  "The possibility of drawing two inconsistent conclusions from the evidence does

not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*,

489 F.3d 1080, 1084 (10th Cir. 2007).

### III.    PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by (1) failing to properly evaluate the opinion

of Dr. Susan Cave and (2) failing to investigate the apparent conflict between vocational

expert (VE) Thomas Griner's testimony and the Dictionary of Occupational Titles

(DOT).  The Commissioner argues that, in determining that Plaintiff retained the

residual functional capacity to work, the ALJ (1) provided good reasons for the weight

she gave to Dr. Cave's opinions and supported those reasons by substantial evidence

and (2) properly found no material conflict between the testimony of the VE and the

information contained in the DOT.  Ultimately, I conclude that the ALJ's opinion must

be remanded for failure to properly evaluate the opinion of Dr. Cave, and I do not reach

the vocational expert issue.

IV.    **ALJ Evaluation**

A. **Legal Standard**

For purposes of Social Security disability insurance benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 404.1520.   If the Commissioner finds an individual disabled at any step, the next step is not taken.  *Id.* § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) her impairments meet or equal one of the "Listings" of presumptively disabling impairments or (4) she is unable to perform her "past relevant work."  *Id.* § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence."  20 C.F.R. §

4

404.1545(a)(3).  A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations."  *Id*. § 404.1545(a)(1).  Second, the ALJ determines the physical and mental demands of the claimant's past work.  "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'"  *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)).  Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands.  *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process.  At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work which exists in significant numbers in the regional or national economy, considering the claimant's residual functional capacity, age, education, and work experience.  *Haddock v. Apfel*, 196 F.3d 1084, 1088-89 (10th Cir. 1999).

**B.  The ALJ's Decision**

On November 7, 2014, the ALJ issued a decision denying Plaintiff's application for benefits.  AR at 13-28.  In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged disability onset date of January 15, 2010 through her date last insured of December 31, 2011.  AR at 15-16.  At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc

5

disease of the thoracic spine, chronic fatigue syndrome, depression, post-traumatic

stress disorder, and borderline personality disorder.  AR at 16.  At step three, the ALJ

concluded that Plaintiff did not have an impairment or combination of impairments

that met or medically equaled the severity of a listed impairment.  AR at 16-18.

At step four, the ALJ determined that through the date last insured, Plaintiff had

the RFC to "perform a limited range of light work as defined in 20 CFR 404.1567(b),"

with certain listed limitations.  AR at 18-19.  The ALJ also found that through the date

last insured, Plaintiff was unable to perform any past relevant work.  AR at 26.

However, at step five, the ALJ found that through the date last insured, Plaintiff could

perform jobs that existed in significant numbers in the national economy, including

positions as a hand presser, conveyor line bakery worker, and an electronics worker.

AR at 26-27.

## V.   ANALYSIS

### A.   The ALJ Failed to Properly Explain Why She Rejected Portions of the Treating Physician's Opinion

Plaintiff claims that the ALJ failed to properly evaluate the opinion of Dr. Susan

Cave, one of her treating physicians.  *Doc. 19* at 12-15.  In determining a claimant's RFC,

an ALJ "is required to consider all of the claimant's medically determinable

impairments, singly and in combination," and a failure to do so is reversible error.

*Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  While an ALJ "need not discuss all

of the evidence in the record, he may not ignore evidence that does not support his

6

decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs*

*v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) (internal quotation marks omitted).

An ALJ must first determine whether the opinion of a treating source is entitled

to controlling weight.  A treating source's opinion is entitled to controlling weight if it is

"well-supported by medically acceptable clinical and laboratory diagnostic techniques"

and "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350

F.3d 1297, 1300 (10th Cir. 2003).  To determine what weight to give to a medical opinion,

the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or testing
> performed; (3) the degree to which the physician's opinion is supported
> by relevant evidence; (4) consistency between the opinion and the record
> as a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995).  If the

ALJ does not give the treating source's opinion controlling weight, he or she "must

announce good reasons for the weight assigned" and "such reasons must be sufficiently

specific to make clear to any subsequent reviewers the weight the adjudicator gave to

the treating source's medical opinion and the reasons for that weight." *King v. Barnhart*,

114 F. App'x 968, 970 (10th Cir. 2004) (internal quotation marks omitted); *see also* 20

C.F.R. § 404.1527 ("We will always give good reasons in our notice of determination or

decision for the weight we give your treating source's opinion.").

An ALJ is entitled to adopt some of the restrictions identified by the treating physician while rejecting others.  *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Confere v. Astrue*, 235 F. App'x 701, 704 (10th Cir. 2007).  In doing so, however, an ALJ must explain why the ALJ adopted some of the restrictions but not others.  *Haga*, 482 F.3d at 1208 (remanding to the ALJ to explain the evidentiary basis for rejecting four of the moderate restrictions identified by the treating physician while adopting several other moderate restrictions).  Similar to the treating physician's evaluation in *Haga*, Dr. Cave's evaluation of Plaintiff rated several limitations as "moderate."  *See* 482 F.3d at 1207; AR at 694-95.  A moderate limitation "is not the same as no impairment at all," and the ALJ must address why a treating source's findings of moderate limitations are not included in the RFC.  *Haga*, 482 F.3d at 1208; *see also Bowers v. Astrue*, 555 F. Supp. 2d 1241, 1250 (D. Colo. 2008); AR at 694 (Dr. Cave's impairment questionnaire, defining "moderately limited" as a limitation that "significantly affects but does not totally preclude the individual's ability to perform the activity").

Here, the ALJ failed to properly explain why she disregarded portions of Dr. Cave's opinion.  The ALJ stated that she gave significant weight to Dr. Cave's opinion that Plaintiff had no limitations in various abilities, and that she gave "little weight to Dr. Cave's opinion that Plaintiff is '100 percent unemployable' due to her emotional problems as well as [her] marked limitations . . . ."  AR at 23.  However, the ALJ stated that she gave "some weight to the moderate limitations Dr. Cave assessed."  AR at 23.

Dr. Cave concluded that Plaintiff was moderately limited in her abilities to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) interact appropriately with the general public; (4) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; (5) respond appropriately to changes in the work setting; and (6) set realistic goals or make plans independently. AR at 694-95. Of these moderate limitations, the ALJ stated in her decision regarding Plaintiff's RFC merely that Plaintiff "should have only occasional contact with the general public" and "required work involving no more than occasional change in the routine work setting," implicitly adopting those findings by Dr. Cave. AR at 19. However, the ALJ failed to discuss in her determination of Plaintiff's RFC the four other moderate limitations found by Dr. Cave, such as Plaintiff's abilities to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; and (4) set realistic goals or make plans independently. By failing to address these moderate limitations, the ALJ implicitly rejected those findings by Dr. Cave without any basis. *See generally* AR at 19.

The ALJ is required to explain why she adopted some of Dr. Cave's restrictions but not others, and must do so with specificity. *Compare Barnett v. Astrue*, No. CIV-07-1294-F, 2008 WL 4570468, at *5 (W.D. Okla. Oct. 9, 2008) (finding error where the ALJ failed to "explain how [the treating physician's] findings were either unsupported or

contrary to other credible evidence") *with Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that the ALJ "provided good reasons" for giving little weight to treating physicians' opinions where the ALJ cited "contrary, well-supported medical evidence").  However, the ALJ's only explanation for her decision to give "some weight" to the moderate limitations is that "these limitations are partially supported by the objective clinical findings, the claimant's treatment records, and her daily activities." AR at 23.  While the ALJ subsequently reviews the evidence of the clinical findings, treatment records, and daily activities, she fails to explain why each of the moderate limitations was adopted or rejected on the basis of this evidence.  *See generally* AR at 23-26.

Moreover, the Court cannot conclude that this failure was harmless.  The implicitly-rejected moderate limitations, had they been accepted by the ALJ and included in the RFC, may have impacted the potential employment available to Plaintiff.  Indeed, they may preclude Plaintiff from working as a hand presser, conveyor line bakery worker, or an electronics worker.  As the ALJ failed to consider these moderate limitations by Dr. Cave and address them in her determination of Plaintiff's RFC, the Court is left to speculate whether such consideration would have precluded Plaintiff from performing these jobs and therefore resulted in a finding that Plaintiff was disabled.

Thus, the ALJ's implicit rejection of several of Dr. Cave's findings of moderate limitations, with no explanation other than the conclusory statement that these findings conflicted with other evidence in the record, constitutes reversible error.  *See Franklin v. Astrue*, No. CIV-10-418-KEW, 2012 WL 1035218, at *4 (E.D. Okla. Mar. 27, 2012) (remanding case for the ALJ to "specifically identify the inconsistencies between the physician's treating notes and his opinion . . .").  Consequently, this case must be remanded so that the ALJ can explain the evidentiary support for her determination regarding Plaintiff's RFC.

**VI.   CONCLUSION**

Plaintiff has demonstrated that the ALJ erred in her analysis of the opinion of Plaintiff's treating physician.  Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 19*) is GRANTED, and this case is REMANDED to the Commissioner for further proceedings consistent with the opinion.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**